IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ALEX VEMAN, :
        Plaintiff, :
         :
    v. : Civil No. 5:25-cv-00291-JLS
         :
CITY OF EASTON, *et al.*, :
        Defendants. :

**MEMORANDUM**

**SCHMEHL, J.**   */s/ JLS*                                          **NOVEMBER 25, 2025**

       Plaintiff, a deaf man who relies on American Sign Language ("ASL") as his primary means of communication, brought this action under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131 et seq., Section 504 of the Rehabilitation Act, 29 U.S.C. §794 and 42 U.S.C. §1983, claiming that Defendants City of Easton, Easton Police Department, Officer Matthew Snyder, Easton Hospital, Northampton County, Northampton Department of Corrections, and Northampton County Assistant District Attorney Robert Eyer ("ADA Eyer"), in his official and individual capacities, have consciously chosen to operate with a flagrant disregard for the rights of deaf individuals, by failing to provide interpreter services.

       Plaintiff alleges he was wrongfully arrested despite being the victim of an assault on January 18, 2023, that resulted in serious injuries. Specifically, Plaintiff alleges that "[d]espite Plaintiff's visible injuries and desperate attempts to communicate, Defendant City of Easton, Defendant Easton Police Department, and Defendant Officer Snyder failed to obtain a qualified interpreter, or any other effective aids for communication to ensure effective communication with Plaintiff. Defendant Officer Snyder did not get any statement from Plaintiff, either written or

1

through ASL. Plaintiff was wrongfully arrested based entirely on the verbal statements of self-interested witnesses." [ECF 17 at ¶ 6.] Following his arrest, Plaintiff claims he was incarcerated at Northampton County Prison for four days, during which he was denied effective communication through qualified ASL interpreters, necessary medical care for his significant injuries and communication with family or counsel. Plaintiff further alleges that Defendant ADA Eyer subsequently initiated and maintained a malicious prosecution against him for nearly two years, despite possessing substantial exculpatory evidence, until Plaintiff was ultimately acquitted by a jury.

Defendants Northampton County, Northampton Department of Corrections and ADA Eyer filed a collective "partial motion to dismiss Complaint on behalf of Defendant, Northampton County, Northampton County Department of Corrections, and Northampton County Assistant District Attorney Robert Eyer." [ECF 27.] As part of the motion, ADA Eyer contended that the action should be dismissed as to him in his individual capacity based on the doctrines of absolute and qualified immunity and in his official capacity based on the Eleventh Amendment. [*Id*. at p.3.] The City of Easton, the Easton Police Department and Officer Matthew Snyder filed a motion for judgment on the pleadings. [ECF 32.] Defendants St. Lukes Health Network and St. Lukes Hospital Anderson Campus also filed a motion to dismiss for failure to state a claim. [ECF 34.]

After careful consideration of the Motions, the Court decided it would be best to allow this case to proceed to the discovery phase after which the moving Defendants could file a motion for summary judgment based on a full record. Therefore, by Order dated August 26, 2025, the Court, in part, denied "Defendant Northampton County's motion to dismiss." [ECF 44.] The Court did not specify in its Order whether it was denying the motion only as to Defendants

Northampton County and Northampton Department of Corrections and not to ADA Eyer. The Court also denied the City of Easton's motion for judgment on the pleadings. [*Id.*] Because Plaintiff had accepted an Fed. R. Civ. P. 68 Offer of Judgment from Defendants St. Luke's Hospital – Anderson Campus and St. Luke's Health Network, Inc., the Court denied the St. Lukes Defendants' motion to dismiss as moot. [*Id.*]

Before the Court could clarify the situation, ADA Eyer, on August 28, 2025, filed an appeal with the Court of Appeals for the Third Circuit, thereby divesting this Court with further jurisdiction over this issue. [ECF 45.] On October 27, 2025, ADA Eyer filed a motion for relief under Rule 60(b)(1) of the Federal Rules of Civil Procedure[1], requesting that the Court clarify whether it intended the part of its Order of August 26, 2025 denying the Defendant Northampton County's motion to dismiss" to apply to all the Northampton County Defendants, including ADA Eyer, or whether the Court intended for its Order to apply **only** to Defendants Northampton County and Northampton Department of Corrections. [ECF 57.]

Since the matter is currently on appeal to the Third Circuit, this Court lacks jurisdiction to consider the Rule 60(b)(1) motion. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.")

However, Rule 62.1 of the Federal Rules of Civil Procedure "authorizes a district court whose jurisdiction has been divested by an appeal to 'state either that it would grant the

---

[1] Rule 60(b)(1) provides:
(b) Grounds for relief from a Final Judgment, Order or Proceeding. On motion and just terms, the Court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
    (1)  Mistake, inadvertence, surprise, or excusable neglect;

**3**

[relevant] motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.'" *Ret. Bd. of the Policemen's Annuity & Benefit Fund of the City of Chicago v. Bank of N.Y. Mellon*, 775 F.3d 154, 159 n.4 (2d Cir. 2014) (quoting Fed. R. Civ. P. 62.1(a)(3)); *see also Mandalapu v. Temple Univ. Hosp., Inc.*, 796 F. App'x 152, 153 n.2 (3d Cir. 2020) ("Rule 62.1 is a procedural device that permits the District Court to issue an 'indicative' decision on a motion for relief, notwithstanding a pending appeal."). In addition, once the Court issues its indicative ruling, the "movant must promptly notify the circuit clerk under Fed. R. App. P. 12.1." Fed. R. Civ. P. 62.1(b). "[I]f the court of appeals remands for that purpose," then jurisdiction is returned to the district court, which may then decide the Rule 60b motion. Fed. R. Civ. P. 62.1(c).

If the instant case were to be remanded from the Third Circuit, the Court would be inclined to grant the outstanding Rule 60(b)(1) motion and clarify that the portion of its Order of August 26, 2025 denying the Northampton County's motion to dismiss applied **only** to Defendants Northampton County and Northampton Department of Corrections and not to Defendant ADA Eyer, thereby obviating the need for an appeal by ADA Eyer. The Court would then independently consider ADA Eyer's motion to dismiss the Amended Complaint as to him in his individual capacity based on absolute and qualified immunity and in his official capacity based on the Eleventh Amendment.

An appropriate Order follows.